People v Rositas (2020 NY Slip Op 06023)





People v Rositas


2020 NY Slip Op 06023


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020

Before: Friedman, J.P., Kern, Scarpulla, Shulman, JJ. 


Ind No. 1408/13 1408/13 Appeal No. 12152 Case No. 2018-1409 

[*1]The People of the State of New York, Respondent,
v
Carlos Rositas, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Angie Louie of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily Anne Aldridge of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered June 16, 2015, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.
The verdict was not against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348-49 [2007]). There is no basis for disturbing the jury's credibility determinations concerning credibility and identification, including its evaluation of the effect of alcohol consumption on the victim's perception and recollection. Furthermore, the victim's testimony was extensively corroborated by other evidence, and the inconsistencies cited by defendant were not significant.
The People took appropriate steps to correct allegedly inaccurate testimony by one of their witnesses (see People v Reckovic, 100 AD3d 427, 428 [1st Dept 2012], lv denied 20 NY3d 1103 [2013]). The witness testified about two matters relating to the process by which he was brought to court. The first matter involved a conversation between the witness and the prosecutor, and the second involved a detective's service of a subpoena. As for the first matter, the prosecutor stipulated to facts that contradicted the witness's testimony. As to the second, the prosecutor stipulated to details about which the detective would have testified had he been called to do so. These details also contradicted the witness's testimony. Defendant had a meaningful opportunity to question the witness on these subjects during cross-examination, did not ask for any further opportunity to do so, and was not prejudiced. On appeal, defendant's principal complaint is that the prosecutor refused to stipulate that the witness's testimony was "false." However, that was a question for the jury to decide after consideration of the testimony and the stipulations. In any event, these matters relating to the witness's appearance at the trial did not concern any material issue in the case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2020